IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**GABRIEL GONZALEZ**                                                                 **PETITIONER**

No. 2:24-cv-00152 LPR/PSH

**CHAD GARRETT, Warden**
**FCI Forrest City Low**                                                              **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Gabriel Gonzalez ("Gonzalez") brings this habeas corpus action challenging the computation of his sentence under the First Step Act. The First Step Act ("FSA"), enacted on December 21, 2018, directed the Attorney General to

develop a risk and needs assessment system (the "System") for Bureau of Prisons ("BOP") inmates. 18 U.S.C. § 3621. Inmates were to be classified as minimum, low, medium, or high risk for recidivism. 18 U.S.C. § 3621(a)(1). Regardless of their classification level, all inmates were to be reassigned to "appropriate evidence-based recidivism reduction programs ("EBRRP") or productive activities ("PAs")" to ensure that inmates at each risk level had an opportunity to reduce their classification while incarcerated. 18 U.S.C. § 3621(a)(5). The System was designed to provide incentives and rewards for inmates to participate in EBRRPs and PAs. 18 U.S.C. § 3621(d). Among the rewards for participation in EBRRPs and PAs is the earning of time credits ("ETCs") which can be applied toward time in prerelease custody or supervised release. 18 U.S.C. § 3621(d)(4). Gonzalez' claim centers around the following provision:

> (B)  Availability. – A prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed –
> 
> (i)  prior to the date of the enactment of this subchapter; or
> 
> (ii)  during official detention prior to the date that the prisoner's sentence commences under section 3585(a).

18 U.S.C. § 3621(d)(4)(B).

Gonzalez correctly observes that this section cites EBRRPs but does not include PAs in describing the parameters for earning ETCs. Gonzalez reasons that this omission should result in him receiving ETCs for activities he has engaged in prior to the enactment of FSA. Gonzalez, convicted in 2006, contends he is entitled to ETC for his participation in activities which he deems to be PAs -- "all of my prison jobs, all of my ACE [Adult Continuing Education], art, religious, correspondence school, and other classes" beginning in February 2006. Doc. No. 2-1, page 22. He calculates that he is entitled to 7.18 years of ETC based upon his job assignments and activities. Doc. No. 2-1, page 56. Gonzalez' interpretation of the section is incorrect, and he cannot earn ETCs for activities pre-dating the enactment of FSA.

There are instances in the FSA where the phrase "evidence-based recidivism reduction programs" is paired with "productive activities."[1] On other occasions, the phrase "evidence-based recidivism reduction programs" stands alone.[2] In one section of the statute, 3621(d), the bolded title is **"Evidence-based recidivism reduction program incentives and productive activities rewards"** and the next sentence uses the phrase EBRRP without mention of PAs.

---

[1] Ten times the phrases are used in conjunction: 18 U.S.C. § 3621(a)(5), (a)(6), (b), (d), (d)(4)(A), (d)(4)(A)(i), (d)(4)(A)(ii), (d)(4)c), (d)(5), and (d)(e).
[2] There are six instances where EBRRP is not accompanied by PA: 18 U.S.C. § 3621(a)(3), (d), (d)(1), (d)(2), (d)(3), and (d)(4)(B).

The Court declines Gonzalez' invitation to make much of this language, deeming activities he performed prior to the enactment of the FSA to be PAs entitling him to ETCs. The Court need not unravel the reasons behind the variance in the usage of EBRRP and PA because the language of the FSA is unambiguous on the statute's application to Gonzalez.

A primary reason for this conclusion is that the FSA clearly indicates it is *prospective* in nature. The title, "Development of risk and needs assessment system" signals there will be a System in place only after the Attorney General develops it. The statute directs the System to *develop* programs and then *reassign* inmates to appropriate EBRRBs or PAs – there is no suggestion that current or past activities are relevant to the System that is to come after enactment of the FSA. The new EBRRP and PA programs are, per the the FSA, distinct from "any other rewards or incentives for which a prisoner may be eligible." 18 U.S.C. § 3621(d)(6). There is no interplay between activities pre-dating the FSA and the programs arising from the System created by the FSA.

Secondly, the precise language of the statute provides ETCs may not be earned "prior to the date of enactment" of the FSA. 18 U.S.C. § 3621(d)(4)(B). Other courts have considered Gonzalez' argument, or a variation of the argument, and consistently found that activities prior to December 21, 2018, do not earn ETCs. *Poff v. Carr,* 2023 WL 2240463 (5th Cir. Feb. 27, 2023) (no ETCs may be earned for

EBRRP programs completed prior to December 21, 2018); *Schlegal v. Segal*, 2023 WL 4034594 ((D. Minn. May 23, 2023) (inmate may not earn credits "for programming or activities in which she participated prior to December 21, 2018"); and *Salter v. Fikes*, 2021 WL 2365041 (D. Minn. May 5, 2021) (FSA precludes inmates from earning credits for programs completed before December 21, 2018). The Court agrees with the reasoning of the foregoing cases and the plain language of the FSA.

Gonzalez also argues that a BOP Program Statement interpreting provisions of the FSA is not entitled to deference and therefore he is eligible to earn pre-FSA credits. The BOP regulation, found at 28 C.F.R. § 532.42(b)(1), provides that the FSA credits may be earned through "programming and activities" beginning on December 21, 2018. Gonzalez interprets this regulation to expand the meaning of the FSA and argues that this expansion is improper in light of *Loper Bright Enters. v. Raimondo*, 144 S.Ct. 2244 (2024), and its effect on deference previously conferred by *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

This argument, however, assumes reliance upon the regulation. The Court need not, and does not, rely upon the regulation. The *Loper/Chevron* analysis is inapplicable when the statute which the regulation is interpreting is unambiguous. The phrase "the date of enactment of this subchapter" in § 3632(d)(4)(B)(i) plainly means December 21, 2018, and so the Court need not consider the BOP's

interpretation. *See Melgar* [*v. Barr*, 379 F. Supp. 3d 783 (D. Minn. 2019] 379 F. Supp. 3d at 788 ("interpret[ing statute] exactly as written" and concluding that "[b]ecause the statute is clear and unambiguous, the Court need not consider the agency's interpretation under step two of the *Chevron* deference analysis"); *Salter v. Fikes*, No. 20-CV-2253 (ECT/ECW), 2021 WL 2365041, at *4 (D. Minn. May 5, 2021), *report and recommendation adopted*, No. 20-CV-2253 (ECT/ECW), 2021 WL 2354934 (D. Minn. June 9, 2021); and *Hare v. Ortiz*, 2021 WL 391280 (D. N.J. Feb. 4, 2021) (there is "no ambiguity here" regarding the meaning of the date when the FSA was enacted, and *Chevron* analysis need not occur).[3]

Gonzalez mistakenly relies upon *Komando v. Warden, FCI Berlin*, 2023 WL 4101540 (D. N.H. Mar. 16, 2023) and other similar cases (*Yufenyuy v. Warden, FCI Berlin*, 659 F.Supp.3d 213 (2023) and *Patel v. Barron*, 2023 WL 6311281 (W.D. Wash. Sep. 28, 2023). These cases deal with the interpretation of when an inmate's "sentence commences" under the FSA. They involve inmates sentenced after the enactment of the FSA, unlike Gonzalez, and they pre-date the *Loper* decision. The one common feature these cases have with Gonzalez' case is that the decisions rested

---

[3] The Court is aware of *Griffin v. Garrett*, 2023 WL 11893858 (E.D. Ark. Oct. 31, 2023), a pre-*Loper* case, which rests upon the BOP's interpretation of the relevant regulation in finding the inmate ineligible to receive credits for PAs completed prior to December 21, 2018. The Court is persuaded that the result in *Griffin* need not have relied upon the interpretation of the regulation.

on the plain language of the FSA and not upon the BOP's regulation interpreting it. The unambiguous language of the FSA was a benefit to the inmates in *Komando*, *Yufenyuy*, and *Patel*, providing that their sentences commenced at an earlier date than would have been used under the BOP regulation, thus allowing them to earn ETCs based on that date. However, the FSA's clear language prohibiting ETCs from being earned prior to the enactment of the statute works against Gonzalez. These cases cited by Gonzalez do not prove his point.

In summary, the December 21, 2018, enactment date of the FSA initiated the development of the System under which inmates might earn ETCs by participating in EBRRPs and PAs. Activities pre-dating the enactment of the FSA are not grandfathered into the System. Because the language of the FSA is unambiguous on this issue, *Loper/Chevron* analysis is not implicated.

The petition for writ of habeas corpus should be dismissed, and the relief requested denied.

IT IS SO RECOMMENDED this 12th day of December, 2024.

_____
UNITED STATES MAGISTRATE JUDGE